UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:14-CV-665-TBR

AMERICAN AIR FILTER COMPANY, INC.                                                   PLAINTIFF

v.

UNIVERSAL AIR PRODUCTS, L.L.C.                                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction. (Docket #12). Plaintiff has responded. (Docket #14). Defendant has replied. (Docket #17). For the following reasons, Plaintiff's motion (Docket #12) is DENIED.

BACKGROUND

This lawsuit arises out of competition between two air filter manufacturers. Plaintiff American Air Filter Company, Inc. ("American Filter") is a manufacturer and marketer of air filtration systems. Defendant Universal Air Products, L.L.C. ("Universal Air") is also a manufacturer and marketer of air filtration systems. Universal Air was formed in 2000 by five former employees of American Filter (the "UAP Employees").

In 2001, American Filter claimed that Universal Air and the UAP Employees were using confidential information and trade secrets which belonged to American Filter. American Filter sued Universal Air and the UAP Employees in Kentucky state court in Jefferson County. The parties settled the case and signed a consent judgment which enjoined Universal Air and the UAP Employees from disclosing confidential information or holding themselves out as being affiliated with American Filter (the "Consent Judgment"). The Consent Judgment also stated:

1

"This Court shall retain jurisdiction of this action to enforce the terms of this Consent Judgment." (Docket #1-2).

In this lawsuit, American Filter claims Universal Air has committed trademark infringement, unfair competition, and cyberpiracy. (Docket #1). Universal Air moves to dismiss this lawsuit on the grounds that this Court lacks subject matter jurisdiction because the state court action retained jurisdiction of the parties' dispute. Universal Air also argues American Filter's Lanham Act claim is barred by the doctrine of laches. For the following reasons, Universal Air's motion is denied.

## STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). "They possess only that power authorized by Constitution and statute." *Id*. It is presumed that a federal court lacks subject-matter jurisdiction and the "burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (*citing Turner v. Bank of North-America*, 4 U.S. 8, (1799); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)). "Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to police the boundaries of their own jurisdiction." *McNutt v. Sanders*, 2011 U.S. Dist. LEXIS 85731 *3 (W.D. Ky. 2011) (citation omitted); *see also* Fed. R. Civ. P. 12(h)(3).

United States District Courts have original federal question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District Courts also have original diversity jurisdiction over actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. *Id.* § 1332(a)(1). In addition to federal question and diversity jurisdiction,

district courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

Once a federal court determines it has jurisdiction, it generally must exercise that jurisdiction. *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 358 (1989) ("We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given."). A federal court generally may not decline jurisdiction simply because a lawsuit could also have been brought in state court. *Alabama Public Service Comm'n v. Southern R. Co.*, 341 U.S. 341, 361 (1951) ("it was never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it"); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) ("The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it").

DISCUSSION

The Court will first discuss (I) the issue of subject matter jurisdiction. Then the Court will address why (II) the doctrine of laches does not bar American Filter's claims.

I.     **Subject matter jurisdiction.**

As an initial matter, this Court has original subject matter jurisdiction over this dispute. This Court has federal question jurisdiction over American Filter's claims brought under the Lanham Act and 15 U.S.C. § 1114 because these claims arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This Court has jurisdiction over American Filter's state law claims because they form "part of the same 'case or controversy' as a claim

over which the court has jurisdiction." *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996); 28 U.S.C. § 1367.

The Court therefore turns to Universal Air's argument that this Court should decline to exercise jurisdiction. Universal Air's argument is based on its interpretation of the Consent Judgment. The Consent Judgment enjoined Universal Air and the UAP Employees from several acts, including holding themselves out as being affiliated with American Filter. The Consent Judgment also stated: "This Court shall retain jurisdiction of this action to enforce the terms of this Consent Judgment." (Docket #1-2). Universal Air argues that American Filter's claims in this case are essentially claims that Universal Air held itself out to be affiliated with American Filter. Therefore, American Filter has actually alleged breach of the Consent Judgment and is restricted by the terms of the Consent Judgment to returning to state court for enforcement. (Docket #17).

Universal Air's interpretation of the Consent Judgment is unpersuasive for two reasons. First, if a contract clause purports to restrict where a lawsuit may be brought, the restriction must be "explicit." *See In re Delta America Re Ins. Co.*, 900 F.2d 890, 894 (6th Cir. 1990); *Regis Associates v. Rank Hotels (Management), Ltd.*, 894 F.2d 193, 194 (6th Cir. 1990) ("Although the right to remove can be waived, the case law makes it clear that such waiver must be clear and unequivocal"). The Consent Judgment merely stated the state court would retain jurisdiction over the settlement, which is a courtesy that is sometimes extended by trial courts. *Infinite Sec. Solutions, L.L.C. v. Karam Props. II*, 2015 Ohio LEXIS 754 *14 (Ohio 2015) (collecting cases) ("It keeps the matter in the court most familiar with the parties' claims . . . [and] keeps the parties from having to file another action"). Nothing in the Consent Judgment indicates an intention to restrict the parties from filing claims in another court.

4

The second reason why Universal Air's interpretation is unpersuasive is that the Consent Judgment is actually part of the parties' settlement agreement, which does address where the parties may bring suit and explicitly permits a lawsuit in federal court. The parties' settlement agreement required Universal Air to sign the Consent Judgment as part of settlement and included the Consent Judgment as an attachment. (Docket #14-5, Section 1). The settlement agreement later addressed where the parties could bring suit, stating: "Any suit to enforce or interpret the Agreement shall be brought in state **or federal courts** located in Jefferson County, Kentucky." (emphasis added) (Docket #14-5).

Accordingly, since the Consent Judgment does not demonstrate an unequivocal restriction on where the parties may bring suit and the clear terms of the parties' settlement agreement show the parties may file suit in federal court, the Court finds no reason to decline jurisdiction over this case.

## II. Laches.

Universal Air's other argument is that American Filter's Lanham Act claim is barred by the equitable doctrine of laches.

"The Lanham Act does not contain a statute of limitations." *Tandy Corp. v. Malone & Hyde, Inc.*, 769 F.2d 362, 365 (6th Cir. 1985). "In determining when a plaintiff's suit should be barred under the Act, courts have consistently used principles of laches as developed by courts of equity." *Id*.

"Laches is a negligent and unintentional failure to protect one's rights." *Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889 894 (6th Cir. 1991). A court considers three factors when deciding whether a claim is barred under the doctrine of laches: "(1) whether the owner of the mark knew of the infringing use; (2) whether the owner's delay in challenging the

5

infringement of the mark was inexcusable or unreasonable; and (3) whether the infringing user was unduly prejudiced by the owner's delay." *Audi AG v. D'Amato*, 469 F.3d 534, 545-46 (6th Cir. 2006) (citation omitted). "There is a presumption of laches that holds that an action is barred if not brought within the period of the analogous state statute of limitations and is alive if brought within the period." (citation and punctuation omitted) *Ford Motor Co. v. Catalanotte*, 342 F.3d 543, 550 (6th Cir. 2003). The parties agree that the analogous statute of limitations in this case would be two years. (Docket #12, 14). While laches is analogous to statute of limitations, laches is equitable relief and subject to the rules of equity. *Galliher v. Cadwell*, 145 U.S. 368, 373 (1892) ("laches is not like limitation, a mere matter of time; but principally a question of the inequity of permitting the claim to be enforced – an inequity founded upon some change in the condition or relations of the property or the parties").

Universal Air argues American Filter has been aware of these claims for fourteen years, dating back to American Filter's first judgment against Universal Air in 2001. Universal Air argues that the claims American Filter now brings – trademark infringement, unfair competition, and cyberpiracy – are analogous to the Consent Judgment, which prohibited Universal Air from disclosing confidential information, using American Filter's proprietary information, and affiliating themselves with American Filter. (Docket #12, 17). Universal Air contends the claims against it should be barred because they are fourteen years old and American Filter has no justifiable reason for delaying this action.

Conversely, American Filter argues that discovery is ongoing and it is undetermined when Universal Air began to violate the terms of the Consent Judgment.[1] American Filter also

---

[1] For instance, American Filter has a claim for cyberpiracy against Universal Air. (Docket #1). Universal Air did not register the allegedly offending websites until 2011 (Docket #17), and it is undetermined as of yet when American Filter learned of these websites.

argues that even if Universal Air has raised a presumption of laches, American Filter can overcome that presumption. "In order to overcome the presumption of laches, plaintiff must: (1) rebut the presumption of prejudice; (2) establish that there was a good excuse for its delay; or (3) show that the defendant engaged in 'particularly egregious conduct which would change the equities significantly in plaintiff's favor.'" *Nartron Corp. v. STMicroelectronics, Inc.*, 305 F.3d 397, 409 (6th Cir. 2002) (*quoting Dana Corp. v. IPC Ltd. Partnership*, 674 F. Supp. 581 (E.D. Mich. 1987).

American Filter argues laches do not apply in this case because Universal Air has unclean hands and therefore cannot seek equitable relief. "[L]aches is an equitable defense and . . . it can certainly be raised only by one who comes into equity with clean hands." *United States v. Weintraub*, 613 F.2d 612, 619 (6th Cir. 1979). A person who knowingly and purposefully violates a legal duty has unclean hands. *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 818 (1945) (holding company had unclean hands when it ignored substantial evidence that a patent application contained false information); *Weintraub*, 613 F.2d at 619 ("The letter noted above sent by appellant to his brother, containing instructions on defrauding the IRS, was more than enough to soil appellant's hands"). Specific to this case, a person who deliberately infringes upon another person's intellectual property has unclean hands and may not claim the equitable defense of laches. *TWM Mfg. Co. v. Dura Corp.*, 592 F.2d 346, 349 (6th Cir. 1979) ("defendant has engaged in egregious conduct . . . defendant's infringement was the result of deliberate, calculated plagiarism"); *see also Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104, 107 (2nd Cir. 2000) ("the appellees' intentional infringement is a dispositive, threshold inquiry that bars further consideration of the laches defense"); *Harlequin Enterprises, Ltd. v. Gulf & Western Corp.*, 644 F.2d 946, 950 (2nd Cir. 1981).

At this stage, the Court views the record in the light most favorable to American Filter in determining whether Universal Air acted deliberately. Fourteen years ago, Universal Air signed the Consent Judgment enjoining it from disclosing confidential information or holding themselves out as being affiliated with American Filter. Universal Air itself argues that American Filter's current claims are essentially the same as those in the Consent Judgment. (Docket #12). Therefore, viewing the facts in the light most favorable to American Filter, Universal Air was aware of the rights of American Filter and acted egregiously by purposefully infringing upon those rights. Arguably, Universal Air has unclean hands and may not raise the equitable defense of laches. Until discovery is completed, the Court is unable to state whether the equitable doctrine of laches prevents recovery in this action.

This Court has jurisdiction over this case, and Universal Air has not shown a reason why this Court should decline jurisdiction.

## CONCLUSION

For the foregoing reasons, Universal Air's motion to dismiss (Docket #12) is DENIED.

cc: counsel of record