UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:14-CV-665-TBR-LLK

AMERICAN AIR FILTER COMPANY, INC.                                         PLAINTIFF

v.

UNIVERSAL AIR PRODUCTS, L.L.C.                                             DEFENDANT

**OPINION AND ORDER**

Defendant, Universal Air Products, L.L.C., moved the Court for a protective order barring all discovery in this matter. (Docket # 22). Defendant argues that Plaintiff, American Air Filter Company, Inc., elected injunctive relief only and the discovery sought "would only serve to prove [money] damages." Defendant also argues that the discovery seeks protected trade secrets. *Id.* For the reasons stated herein, the Court denies Defendant's motion, but stays discovery pertaining solely to monetary damages pending Judge Russell's ruling on Defendant's Motion for Clarification. (Docket #35).[1]

**Burden of Persuasion**

As the moving party, Defendant "'bears a heavy burden of demonstrating that disclosure will work a clearly defined and very serious injury.'" *Janko Enters., Inc. v. Long John Silver's, Inc.*, No. 3:12-CV-345-S, 2013 WL 5308802, at * 2 (W.D. Ky. Aug. 19, 2013) (quoting *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D. Fla. 1985)). "Courts generally do not grant protective orders without a strong showing of good cause, and the burden of establishing good cause falls on the party who seeks such an order." *Id.* (citing *Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985)).

---

[1] The Court notes that Defendant failed to include in its motion a certification that it "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c). Nonetheless, the Court denies the motion on independent grounds, as explained in this opinion.

**Available Remedies and Discovery**

Defendant argues that the litigation history between the parties, including a 2001 Consent Judgment and Settlement Agreement that resolved a case in Jefferson Circuit Court, constrains the relief available to Plaintiff. Defendant asserts that the prior agreement and judgment limit Plaintiff to injunctive relief alone. (Docket # 22-1, p. 6).

The scope of discovery includes information relevant to any party's claim or defense not protected by privilege. Fed. R. Civ. P. 26(b)(1). The Supreme Court stated that Rule 26 does not limit discovery to issues raised in the pleadings, but those relevant to the pleadings. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 500-01 (1947)). In the instant matter, Plaintiff pled causes of action that entitle it to money damages. (Docket # 1, 26). Therefore, issues related to money damages fall within the scope of discovery, even if not specifically described in the complaint. The scope of discovery does not contract to the Defendant's theory of the case, that the resolution of the state-court litigation bars Plaintiff from recovering money damages. Neither party can restrain another's otherwise-proper discovery because that discovery exceeds its theory of the case. *See U.S. v. 216 Bottles*, 36 F.R.D. 695, 699-700 (E.D.N.Y. 1965) (holding that courts lack the authority to determine cases' dispositive issues as part of discovery motions).

The Court believes that trial or a dispositive motion, not a discovery motion, provides the proper mechanism for determining the implications of the Settlement Agreement. *See id.* at 699-700; *see also Oppenheimer Fund*, 437 U.S. at 352 ("[I]t is proper to deny discovery of [a] matter that is relevant only to claims or defenses that have been stricken . . . ."). Because the current procedural posture of the case leaves the issue of money damages before the Court, discovery as to money damages remains within the scope of discovery.

However, Defendant moved Judge Russell to clarify his ruling on Defendant's motion to dismiss and address the availability of money damages as a remedy in this case. (Docket # 35). For that reason, the Court stays discovery related only to money damages until Judge Russell rules on Defendant's Motion for Clarification.

### Trade Secret Protection

Defendant requests that this Court deny discovery to Plaintiff because the information sought "is highly confidential and protected" as trade secret information. (Docket # 22-1, p. 7). Rule 26 provides for the protection of trade secrets and other confidential information. Fed. R. Civ. P. 26(c)(1)(G). However, like all protective orders, the Court must protect Defendant's confidential and trade secret information for good cause shown. Fed. R. Civ. P. 26(c)(1). The Court finds that Defendants failed to demonstrate that all discovery sought constitutes either confidential information or trade secrets.

No absolute privilege exists to protect trade secrets and other confidential information. *Fed. Open Mkts. Comm. of Fed. Reserve Sys. V. Merrill*, 443 U.S. 340, 362 (1979). Limited protection provides the frequently preferred course of the courts. *See id.* (quoting Fed. R. Civ. P. 26 advisory committee's notes).

In the instant case, Defendant asks only that the Court completely bar discovery, without pointing to specific requests or documents that implicate or contain confidential information or trade secrets. (Docket # 22-1, p. 7). Moreover, Defendant did not offer evidence of the confidential or trade-secret status of any discovery elicited by Plaintiff. Defendant bears the burden of demonstrating both the protected status of the discovery sought and that the disclosure will create a competitive disadvantage. *See Miles v. Boeing Co.*, 154 F.R.D. 112, 114 (E.D. Pa.

1994); *Parsons v. Gen. Motors Corp.*, 85 F.R.D. 724, 726 (N.D. Ga. 1980). Defendant must make its showing with specificity. *Miles*, 154 F.R.D. at 114. Defendant failed to do so.

The Court finds a wholesale bar to discovery based on the existence of confidential or trade-secret information inappropriate. Plaintiff's pleadings place the information sought within in the general scope of discovery. As such, the Court denies the motion for protective order as it relates to confidential or trade-secret information. However, Defendant may demonstrate the protected status of certain information. Therefore, the Court will consider appropriate protections, less than a complete bar to discovery, if Defendant moves the Court and presents specific facts and argument establishing the confidential or trade-secret status of information and the harm attendant with its disclosure.

## ORDER

IT IS HEREBY ORDERED that the Court denies the Motion for Protective Order of Defendant, Universal Air Products, L.L.C., without prejudice. (Docket # 22). Defendant may move the Court again to protect specific information. However, Defendant must request a telephonic status conference with the Court before moving for a protective order, as required by the Amended Scheduling Order. (Docket # 33). Moreover, Defendant must make a good faith attempt to resolve the matter with Plaintiff prior to moving the Court, and certify to that effort as required by Rule 26(c)(1).

IT IS FURTHER ORDERED that the Court stays discovery related only to money damages until Judge Russell rules on Defendant's Motion for Clarification. (Docket #35). If Defendant believes that Judge Russell's ruling limits the scope of discovery, then counsel must meet and confer within ten days of the ruling to determine if a dispute exists related to the scope of discovery and to attempt to resolve it. If the parties cannot resolve any dispute, then

Defendant's counsel will request a telephonic status conference with the Magistrate Judge within 14 days of Judge Russell's ruling on Defendant's Motion for Clarification. If the parties do not agree to limit the scope of discovery and Defendant's counsel does not timely request a status conference, then the stay on money-damages discovery expires without further action from the Court.

c:	Counsel