UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.: 3:14-CV-665-TBR

AMERICAN AIR FILTER COMPANY, INC.                                                    PLAINTIFF

v.

UNIVERSAL AIR PRODUCTS, L.L.C.                                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's motion for clarification.  (Docket #35).  Plaintiff has responded.  (Docket #36).  Defendant has replied.  (Docket #37).  For the following reasons, Plaintiff's motion (Docket #35) is DENIED.

BACKGROUND

This lawsuit arises out of competition between two air filter manufacturers.  Plaintiff American Air Filter Company, Inc. ("American Filter") is a manufacturer and marketer of air filtration systems.  In 2000, five employees of American Filter formed a competing company, Defendant Universal Air Products, L.L.C. ("Universal Air" and the "UAP Employees").

In 2001, American Filter filed suit against Universal Air and the UAP Employees, alleging they were using confidential information and trade secrets which belonged to American Filter.  The parties settled the case and signed a consent judgment which enjoined Universal Air and the UAP Employees from disclosing confidential information or holding themselves out as being affiliated with American Filter (the "Consent Judgment").  The parties also executed a settlement agreement in which each party released all claims they may have had against the other.  (Docket #14-5).

In 2014, American Filter filed this lawsuit against Universal Air for trademark infringement, unfair competition, and cyberpiracy. Universal Air moved to dismiss this lawsuit, arguing the 2001 lawsuit in Jefferson County court retained jurisdiction over the parties' dispute, thereby denying this Court of jurisdiction. (Docket #12). This Court denied Universal Air's motion, finding that this Court has jurisdiction, that the parties settlement agreement expressly allowed for a lawsuit in federal court, and that "[n]othing in the Consent Judgment indicates an intention to restrict the parties from filing claims in another court." (Docket #24).

Universal Air now moves for clarification of this Court's order. Universal Air argues that the Consent Judgment restricts American Filter from asserting any claims except for injunctive relief under the Consent Judgment. (Docket #35). For the same reason as previously stated by this Court – the lack of any restrictive covenant in the Consent Judgment or settlement agreement – the Court denies Universal Air's motion.

## DISCUSSION

Universal Air argues that by signing the Consent Judgment, American Filter "has agreed to injunctive relief as its sole remedy." (Docket #35). Universal Air further argues that the release clause in the settlement agreement "*prospectively* appl[ies] to any *future* alleged injuries." (emphasis in original) (Docket #35). In response, American Filter argues that the Consent Judgment simply enjoins Universal Air without limiting American Filter from seeking other remedies. American Filter also argues that while the settlement agreement released Universal Air for claims accruing before the 2001 Consent Judgment, it did not release Universal Air for any future claims. (Docket #36). The Court finds that neither the Consent Judgment nor the settlement agreement support the broad interpretation that Universal Air gives it. Therefore, American Filter is not restricted to filing a claim for injunctive relief as its sole remedy.

2

In general, a restriction in a contract clause must be explicitly stated. *See generally In re Delta America Re Ins. Co.*, 900 F.2d 890, 894 (6th Cir. 1990); *Regis Associates v. Rank Hotels (Management), Ltd.*, 894 F.2d 193, 194 (6th Cir. 1990). Parties rarely leave an important item such as a waiver of all future claims to be impliedly read into a contract. *See e.g. Rowe v. Great Atlantic & Pacific Tea Co.*, 46 N.Y.2d 62, 72 (N.Y. 1978) ("courts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include").

Universal Air implies restrictions into the Consent Judgment and the settlement agreement that are not supported by the plain language of those documents. The text of the Consent Judgment is a brief and contains four points. (Docket #12-3). Only the first point is relevant to this discussion.[1] The first point permanently enjoins Universal Air and the UAP Employees from disclosing American Filter's confidential information, using American Filter's proprietary information, or holding themselves out to be affiliated with American Filter. While the first point enjoins Universal Air, it does not limit American Filter's right to bring future claims for damages, and the Court will not imply such a restrictive covenant into the Consent Judgment.

Similarly, Universal Air interprets the release in the settlement agreement more broadly than that language will permit. The release clause is broken into two long sentences. The first sentence releases Universal Air and the UAP Employees from "any matter or allegation set forth, or which might have been set forth, in the pleadings and proceedings of the Lawsuit." (Docket #14-5). It expressly limits the release to claims "arising at any time through and including the

---

[1] The second point allows the parties to return to the Jefferson County court for enforcement. The third point clarifies that the parties may still conduct business between each other. The fourth and final point dismissed the outstanding claims with prejudice.

date of the execution the date of the execution of this Agreement." (Docket #14-5). The second sentence clarifies that any damages, even if "unknown and unanticipated," are also included in the release. This second sentence is not explicitly limited in time, presumably because damages could still accrue after the execution of the settlement agreement. It is, however, restricted to claims "which may arise out of any matter connected to or related with or arising from the subject matter of the Lawsuit." (Docket #14-5).

Universal Air interprets this language – "any matter connected to or related with or arising from the subject matter of this Lawsuit" – as casting such a "broad net over the matters" that it includes future claims. (Docket #35). In effect, Universal Air argues that American Filter released Universal Air not only from any wrongdoing before 2001, but also from future wrongdoing, so long as that wrongdoing was related to the lawsuit. (Docket #35). This interpretation does not survive a plain reading of the release, which states that Universal Air was released only from claims that had accrued at that time, as well as damages arising out of those claims. Furthermore, as explained above, the Court will not imply such an important contract term where it has not been expressly stated in the settlement agreement. *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 237 (1975) (finding a similar defendant's argument that a consent decree which prohibited acquiring would nevertheless permit holding the acquired assets "exceedingly odd, for it would undermine whatever prohibitions were imposed").

## CONCLUSION

For the foregoing reasons, Universal Air's motion for clarification (Docket #35) is DENIED.

cc: counsel of record